UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HERBERT ELLSWORTH GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11 2291 |
| | ) | |
| NETSTAR-1, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that plaintiff applied for and was conditionally offered a position as Lead IT Security Manager with NetStar-1, Inc., only to have the job offer rescinded when the United States Department of Labor disapproved the hiring decision. Plaintiff alleges that Netstar-1, its officers and employees, conspired with the Department of Labor, its officers and employees, to obtain personal and employment-related information about him for the purpose of denying him employment. *See generally* Compl. at 5-15. He believes that "a combination of military veterans, Corporations, and other groups . . . have worked in conspiracy" using the government's hiring process to "keep out of government anyone who they think will oppose their actions to compromise . . . government enterprise information systems." *Id.* at 6. In addition to a declaratory judgment, injunctive relief and monetary damages, *see id.* at 17-18, plaintiff demands an investigation "for possible racketeering and conspiracy to Blackball [him] from the IT

Security field and action of physical harm through food poisoning inside and outside the work environment," *id.* at 18.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are irrational and wholly insufficient to state a cognizable civil claim. Accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: December 22, 2011

Robert L. Wilkins
United States District Judge